HERMAN Z. BAUM AND FREDA BAUM, HIS WIFE, RESPONDENTS, v. LINCOLN HIGHWAY BUILDING AND LOAN ASSOCIATION, A CORPORATION, APPELLANT.

Submitted October 30, 1931—Decided February 1, 1932.

For the appellant, *Harry T. Davimos.*

For the respondent, *Benjamin M. Weinberg.*

The opinion of the court was delivered by

HETFIELD, J. This is an appeal from a judgment of the Essex County Circuit Court, entered upon striking out defendant's answer. The respondents, husband and wife, are joint owners of property situated at Nos. 507, 509 Springfield avenue, Newark, New Jersey. They leased the premises to the appellant for a term of eleven years, commencing Sep-

tember 15th, 1927, which lease provided, among other things, as follows: "should the lessee desire to vacate and terminate this lease at any time during the period hereof or its renewal, to pay the sum of one thousand dollars ($1,000) to the lessors as liquidated damages and in consideration of the privilege of so surrendering the lease herein, and in addition thereto to notify the said lessors at least three months in advance of said intention of said determination to surrender the lease herein." The appellant entered into and occupied the premises for approximately three years, and on August 2d, 1930, served a written notice that it had elected to terminate the tenancy on the 15th of November of that year, and vacated accordingly. The respondents thereupon, as provided by the terms of the lease, demanded from the appellant, the sum of $1,000, as liquidated damages, and upon refusal to comply therewith, this suit was instituted. The appellant, in its answer, denied liability, and in support thereof, alleged in substance that Herman Z. Baum, one of the respondents, was a director in the appellant corporation, and as such, attended one of its regular meetings, held sometime in August, 1930, at which time a discussion was had by the directors, in respect to appellant vacating the premises, by reason of the cost of maintaining same, and that Baum, then and there gave notice to the appellant, that it could, at its option, surrender the premises, which the appellant accepted, and acted accordingly, after giving notice pursuant to the terms of the lease.

The court, on motion, struck out the answer, on the grounds that the first and third defenses were sham, and the second, frivolous. We think that all the alleged defenses were frivolous. A sham answer is one good on its face, but false in fact, and a frivolous answer is one which on its face sets up no defense, although it may be true in fact. While the answer and supporting affidavit thereto allege that Baum consented to accept a surrender of the premises, there is no evidence that he agreed to waive any claim, either on behalf of himself or wife, to the $1,000 which was to be paid as liquidated damages in the event the premises were vacated prior to the ter-

mination of the lease. The respondents were joint owners of the property, and the record does not suggest or intimate that the husband had any authority from his co-owner to waive her interest in the $1,000 claim. The rule is well settled, that one co-lessor cannot accept a surrender so as to relieve the lessee from liability to the other lessor.

. The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 15.

*For reversal*—None.